Adam Blair Corren, State Bar #183067
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Telephone: (209) 478-2621

Attorneys for Plaintiff and Class Members

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Brandon Silva, on behalf of himself and classes of those similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Custom Built Personal Training, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case #<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND CALIFORNIA WAGE AND HOUR LAWS**<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION**<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiff, Brandon Silva, complains of Defendants Custom Built Personal Training, and Does 1 through 50, inclusive, and alleges on information and belief on behalf of himself and classes of those similarly situated, as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA") and 29 U.S.C. § 216(b).

2. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: 1) there are 100 or more members in the proposed class; 2) at least some members of the proposed class have a different citizenship from Defendant; and 3) the claims of the proposed class members exceed $5,000,000 in the aggregrate.

3. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state wage and hour law claims, because said claims are related to the federal claims such that they form part of the same case or controversy under Article III of the United States Constitution.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. The Eastern District of California has personal jurisdiction over Defendant because Defendant maintains offices and/or facilities in this District, has systematically, continuously, and purposefully availed itself of the privilege of doing business in California and in this district, and because many of Defendant's acts complained of and giving rise to the claims alleged occurred in California and in this District.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and because Plaintiff resided and worked for Defendant in this district during the period of time in which events giving rise to the claims occurred.

## THE PARTIES

7. Named Plaintiff Brandon Silva was employed by Defendant Custom Built Personal Training in San Joaquin County, California from on or about June 2010 to on or about October 2012. From on or about June 2010 to on or about December 2010, Plaintiff worked as an Assistant Fitness Manager. From on or around December 2010 to on or about October 2012, Plaintiff worked as a Fitness Manager. Plaintiff had the primary duties of selling personal training services and scheduling new client appointments. Plaintiff worked hours in excess of forty hours per week and in excess of eight hours per day, without receiving overtime compensation as required by both California and federal law.

8. Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §216(b) and 256. Plaintiff's Consent to Join Form is attached hereto as Exhibit 1.

9. Defendant Custom Built Personal Training (hereinafter referred to as "Defendant") is a Georgia corporation with its principal place of business in Atlanta, Georgia. On information and belief, Defendant provides personal training services throughout the United States, was present and doing business within this judicial district at all times relevant to the claims alleged herein, and has employed Plaintiff and all those similarly situated during the period of time relevant to the claims alleged herein. Plaintiff further alleges that said Defendant is responsible for the occurrences herein alleged and that the resulting harm and damages were proximately caused by said Defendant's conduct.

10. Each Defendant has directly or indirectly or through an agent or other person exercised control over the wages, hours, and/or working conditions of Plaintiff.

11. Each Defendant directly or indirectly or through an agent or other person engaged, suffered, and/or permitted Plaintiff to work.

12. That the true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names and will seek leave of Court, if necessary, to amend this complaint to insert the true names and capacities of such Defendants when same have been ascertained.

13. The Defendants named herein pursued a common course of conduct with, acted in

concert with, conspired with, and aided and abetted each other to accomplish the wrongs set forth in this complaint, and is each, in whole or in part, legally responsible for Plaintiff's damages and relief as set forth in this complaint.

14. That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and/or servant of all the other Defendants and was acting within the scope of said employment. All acts alleged to have been committed by any Defendants were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant, and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized, or ratified each such act. Plaintiff is informed and believes and thereon alleges that each Defendant, and each of them, was the agent, employee, coconspirator, business affiliate, subsidiary, parent entity, owner, and/or joint venturer of each other Defendant, and each of them; and, in doing the things alleged herein, was acting at least in part within the course and scope of such agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Named Plaintiff Brandon Silva worked for Defendant with the job titles of Assistant Fitness Manager and Fitness Manager in San Joaquin County, California. Assistant Fitness Managers and Fitness Managers (collectively referred to as the "Covered Positions"), shared the primary duties of selling personal training services and scheduling new client appointments. The employees in the Covered Positions have been instructed to carefully adhere to Defendant's detailed sales policies and practices, follow step-by-step sales procedures, and use Defendant's sales guidelines in performing their job duties. These sales policies, practices, procedures, and guidelines have significantly limited the employees' opportunity to exercise independent judgment and discretion. The employees in the Covered Positions were provided no managerial authority to hire, fire, or discipline other Defendant employees.

16. Defendant has unlawfully classified employees in Covered Positions as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt. Employees in the Covered Positions have worked overtime hours, as defined by

applicable federal and state laws, and are and have been entitled to premium compensation at the appropriate overtime compensation rate for all overtime hours worked.

17. Defendant has willfully refused to pay employees in the Covered Positions the required overtime compensation for overtime hours worked.

18. Defendant has failed to keep records as required by law with respect to the overtime work performed by employees in the Covered Positions.

19. Defendant's practices violate the FLSA and the state laws pled herein. Plaintiff, on behalf of himself and all others similarly situated, seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by Defendant nationwide in a Covered Position at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Defendant as exempt from overtime pay under federal law. This group of employees is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

21. Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

22. Plaintiff and Nationwide FLSA Plaintiffs are similarly situated in that they have substantially similar job duties and pay provisions, and are subject to Defendant's common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

23. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), since Plaintiff's claims are similar to those of the Nationwide FLSA Plaintiffs.

24. The names and addresses of the Nationwide FLSA Plaintiffs are available from

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209)478-2621

−5−
Class & Collective Action Complaint Under FLSA & California Law

Defendant's records. Notice should be provided to the Nationwide FLSA Plaintiffs via first class mail, e-mail, and posting in the locations where they have worked as soon as possible.

## CALIFORNIA CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of all persons who were, are, or will be employed by Defendant in California in a Covered Position (hereinafter "the California Class") at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under California law.

26. Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims for Relief for violation of California's wage and hour and unfair competition laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, defined in the preceding paragraph.

27. Plaintiff is a member of the California Class, as he was employed in a Covered Position by Defendant during the California Class Period.

28. **Numerosity.** The California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period, Defendant has employed at least fifty persons who satisfy the definition of the California Class.

29. **Commonality.** Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

 a. Whether Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal.Bus.& Prof. Code §§ 17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, and Cal. Wage Order No. 2-2001.

 b. Whether Plaintiff and the California Class members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

 c. Whether Defendant's policy and practice of classifying the California Class members

as exempt from overtime entitlement under California law and Defendant's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

  d. Whether Defendant unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

  e. Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

  f. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

30. **Typicality.** Plaintiff's claims are typical of the California Class members' claims. Plaintiff, like other California Class members, was subjected to Defendant's policy and practice of refusing to pay overtime in violation of California law. Plaintiff's job duties were typical of those of other California Class members.

31. **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the California Class. Plaintiff has retained counsel competent and experienced in class actions, the FLSA, and state labor and employment litigation.

32. **Rule 23(b)(2) certification.** Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is appropriate pursuant to Fed. R. Civ. P.23 (b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the California Class members as a whole. Plaintiff and the California Class members are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its employees in Covered Positions for all overtime work performed for the benefit of Defendant.

33. **Rule 23(b)(3) certification (predominance and superiority).** Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate pursuant to Fed. R. Civ. P.23 (b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and

uniform policies and practices unlawfully treat members of the California Class as exempt from overtime pay requirements. The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

34.  **Notice.** Plaintiffs intend to send notice to all California Class members consistent with the requirements of Fed. R. Civ. P.23.

### FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Nationwide FLSA Plaintiffs)

35.  Plaintiff, on behalf of himself and all Nationwide FLSA Plaintiffs, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

36.  At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiff and each of the Nationwide FLSA Plaintiff. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

37.  Attached hereto is the Consent to sue form signed by Plaintiff pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs asserting FLSA claims in the future.

38.  The FLSA requires each covered employer, including Defendant, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

39.  The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

40.  At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the Nationwide FLSA Plaintiffs for their hours

worked in excess of forty hours per week.

41. By failing to compensate Plaintiff and the Nationwide FLSA Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C §§ 201 et *seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

42. By failing to record, report, and/or preserve records of hours worked by Plaintiff and Nationwide Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 et *seq.*, including 29 U.S.C. § 211(c) and § 215(a).

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C § 216(b).

45. Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(Cal. Wage Order No. 2-2001; Cal. Labor Code §§ 510, 1194,
Brought by Plaintiff
On Behalf of Himself and the California Class)

46. Plaintiff, on behalf of himself and all members of the California class, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

47. California law requires an employer, such as Defendant, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week, or over eight per day.

48. Plaintiff and the California class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209)478-2621

−9−
Class & Collective Action Complaint Under FLSA & California Law

49. Throughout the California Class period, and continuing through the present, Plaintiff and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and certain California Class members also worked in excess of twelve hours in a workday.

50. During the California Class Period, Defendant misclassified Plaintiff and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

51. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CLAIM FOR RELIEF
(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,
Brought by Plaintiff
On Behalf of Himself and the California Class)

52. Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference Paragraphs 1 through 34 as if they were set forth again herein.

53. California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

54. Plaintiff and all California Class members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

55. More than thirty days have passed since the California Named Plaintiff and certain California Class members left Defendant's employ.

56. As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and California Class members whose employment ended during the class

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209)478-2621

−10−
Class & Collective Action Complaint Under FLSA & California Law

period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
(California Record-Keeping Provisions,
Cal. Wage Order No. 2-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,
Brought by Plaintiff
On Behalf of Himself and the California Class)

57. Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

58. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to Plaintiff and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and California Class members as required under Labor Code § 1174(d).

59. Plaintiff and California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## FIFTH CLAIM FOR RELIEF
(California Meal And Rest Period Provisions,
Cal. Wage Order No. 2-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,
Brought by Plaintiff
On Behalf of Himself and the California Class)

60. Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

61. Plaintiff and California Class members regularly worked and have worked in excess of

five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 2-2001, § 11.

62. In addition, Plaintiff and California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and Wage Order No. 2-2001, § 12.

63. As a result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 2-2001, § 11.

64. As a result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 2-2001, § 12.

**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.,**
**Brought by Plaintiff**
**On Behalf of Himself and the California Class)**

65. Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

66. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

67. Beginning at a date unknown to Plaintiff, but at least as long ago as four years before the filing of this action, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the California


Class.

68. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

   a. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

   b. California Labor Code § 1194;

   c. California Labor Code §§ 201, 202, 203, 204, and 226;

   d. California Labor Code § 1174;

   e. California Labor Code §510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of any employee.

69. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

70. The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

71. Plaintiff, on behalf of himself and the California Class members, seeks recovery of attorney's fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

72. Plaintiff, on behalf of himself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less that one and one-half times the regular

rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours, per day.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the Nationwide FLSA Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the Nationwide FLSA Plaintiffs;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Post-Judgment interest, as provided by law; and

H. Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff on behalf of himself and all members of the California Class, prays for relief as follows:

I. Certification of this action as a class action on behalf of the proposed California Class;

J. Designation of Plaintiff as Representative of the California Class;

K. A declaratory judgment that the practices complained herein are unlawful under California law;

L. Appropriate equitable and injunctive relief to remedy Custom Built Personal Training's violations of state law, including but not necessarily limited to an order enjoining Custom Built Personal Training from continuing its unlawful practices;

M. Appropriate statutory penalties;

N. An award of damages, liquidated damages, and restitution to be paid by Custom Built Personal Training according to proof;

O. Pre-Judgment and Post-Judgment interest, as provided by law;

P. Such other injunctive and equitable relief as the Court may deem just and proper; and

Q. Attorney's fees and costs of suit, including expert fees and costs.

DATED: 1-22-13

LAW OFFICES OF CORREN & CORREN

ADAM BLAIR CORREN
Attorney for Plaintiffs

EXHIBIT 1

## Consent to join action brought under the Fair Labor Standards Act (FLSA)

I work or worked for Custom Built Personal Training while classified exempt at some time in the past three years as an Assistant Fitness Manager and/or a Fitness Manager.

I choose to participate in the FLSA collective action entitled Silva v. Custom Built Personal Training to recover unpaid overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and other relief under state and federal law.

I am the named Plaintiff and choose to be represented by counsel in this legal action, the Law Offices of Corren & Corren.

12-21-12
Date

Brandon Silva
Name

[signature]
Signature